UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHERYL ROGACKI,

                               Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

**DECISION AND ORDER**
1:17-CV-00390

---

## INTRODUCTION

Plaintiff Cheryl Rogacki brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. (Dkt. 7-8).[1] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 11 and 15). Due to the long pendency of these proceedings, the Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **DENIES** Plaintiff's motion and **GRANTS** the Commissioner's motion.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the proper legal standards and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). The Plaintiff argues that the ALJ did not apply the proper legal standard when weighing medical and psychologist opinion evidence to

---

[1] When referencing page numbers, the Court will cite to the CM/ECF-generated page numbers in the upper-righthand corner of each document.

assess her mental Residual Functioning Capacity. (Dkt. 11-1). This Court disagrees. The ALJ properly evaluated the opinion evidence of each treating and non-treating physician. Additionally, the Court finds the ALJ sufficiently articulates "good reasons" for why he did not give controlling weight to Plaintiff's treating source physicians. *Webb v. Colvin*, 2013 WL 5347563 at *6 (W.D.N.Y. Sept. 23, 2013).

The ALJ ascribed "significant" weight to both treating and non-treating sources. Specifically, the ALJ ascribed "significant" weight to the findings of: Dr. Gosy, MD (pain management practitioner); Dr. Dave, MD (consultative orthopedic examiner); Dr. Arora, MD (consultative internal medical examiner); Dr. Santarpia, Ph.D. (consultative psychological examiner); Dr. Martinez, Psy.D. (medical expert); Dr. Andrews, Ph.D. (consultative psychological examiner); Dr. Baskin, Ph.D. (consultative psychological examiner); and Dr. Butensky, Ph.D. (consultative psychological examiner). (Dkt. 7-8 at 19-20). The Court finds this is proper.

These physicians concluded that Plaintiff had a range of limitations from "no limitations" to "moderate limitations." Regarding residual functional capacity, Dr. Baskin found Plaintiff to have "minimal to no" limitations in following and understanding simple directions, performing simple and complex tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, making appropriate decisions, relating adequately with others, and dealing appropriately with stress. (Dkt. 7-7 at 112). Dr. Butensky found only "mild" limitations in Plaintiff's restrictions as to daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence or pace, and concluded that Plaintiff's "psychiatric impairment[s]" were "non-severe." (Dkt. 7-7 at 94; 96). Dr. Santarpia's findings essentially followed the findings of Dr. Baskin: that Plaintiff could follow and understand simple instructions, maintain attention and concentration, maintain a regular schedule, learn new tasks and perform complex tasks independently, and make appropriate decisions "all within normal limits." (Dkt. 7-13 at 525). Dr. Andrews found Plaintiff mostly had "mild" limitations, and a couple "moderate" limitations, and that she should be able to "adequately function in a low stress work environment." Dr. Andrews then found that "overall, there are moderate limitations in the [Plaintiff's] Residual Functional Capacity."

2

(Dkt. 7-13 at 586-88). Dr. Martinez testified that Plaintiff could perform "simple, repetitive one- and two-step tasks in a low social-contact setting." (Dkt. 7-8 at 37-38). Dr. Gosy concluded Plaintiff was able to "maintain her activities of daily living." (Dkt. 7-13 at 434). Dr. Dave concluded that Plaintiff had "moderate" limitations in repetitive bending, twisting, carrying, pulling, and pushing of heavy objects, prolonged sitting and prolonged walking, but that the [Plaintiff] was "calm, cooperative, and appear[ed] to be smiling and comfortable throughout the exam." (Dkt. 7-7 at 117). Dr. Arora found that Plaintiff had "mild" limitations in the ability to stand, prolonged walking, lifting and carrying heavy objects. (Dkt. 7-13 at 516).

Conversely, the ALJ ascribed "minimal" weight to Mr. Cline, NP; "very little" weight to Dr. Kendra, DNP; and "reduced" weight to Dr. Hashim, MD.[2] (Dkt. 7-8 at 17-18). The Court additionally finds this is proper.

Dr. Kendra and Mr. Cline, under the relevant regulations, are not considered "acceptable" medical sources;[3] nonetheless, their opinions must still be assessed as "other" sources. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2) (2017). The ALJ found their opinions are inconsistent with the objective medical evidence in the record and unsupported by evidence. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). The ALJ explained what factors he used to determine weight and describes the internal inconsistencies as well as the inconsistencies with the balance of the record. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'" (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (per curiam))).

---

[2] The ALJ weighed the opinions of several other medical doctors and psychologists; however, their opinions are apparently not at issue and are not mentioned in Plaintiff's argument section of her motion. *See* (Dkt. 11-1 at 18-29).

[3] Dr. Chelsea R. Kendra is a Doctor of Nursing Practice. *See, e.g.*, (Dkt. 7-13 at 163). Mr. Cline is a Nurse Practitioner. *See, e.g.*, (Dkt. 7-13 at 472).

For example, in April of 2016, Dr. Kendra found that Plaintiff will not be able to complete 2-step tasks 75% of the time; however, the ALJ notes that this severe assessment is not consistent with the objective clinical findings in the record. It is also noted that Dr. Kendra only saw Plaintiff on two occasions, and not "bi-weekly" as Plaintiff contends. *See* (Dkt. 7-13 at 360-63); *see also* (Dkt. 15-1 at 20). In November of 2011, Mr. Cline found Plaintiff's 11 out of 25 mental health functions to be "unable to meet competitive standards"—by far the most severe assessment of Plaintiff. (Dkt. 7-14 at 23-25). Mr. Cline also checked boxes indicating Plaintiff had greater impairment in her concentration. *Id.* However, also present in the several "mental status examination" sections of Mr. Cline's assessments, he indicates Plaintiff's concentration is "good." *See, e.g.*, (Dkt. 7-13 at 477).

In September of 2013, Dr. Hashim found Plaintiff to have "limited but satisfactory" and "seriously limited" limitations in every work-related function, as indicated on the Mental Residual Functioning Capacity Questionnaire. (Dkt. 7-3 at 126-28). These findings do appear contradictory to the balance of evidence in the record, which indicates, at worst, "moderate" limitations. Dr. Hashim did not provide any objective clinical findings to support this assessment. The ALJ explained that this "check-box" form format is vague and does not provide an adequate assessment of Plaintiff's physical and mental health complaints. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record."). For example, the form asks the physician to explain the limitations in the three most limited categories and include the medical/clinical findings that support this assessment; Dr. Hashim simply indicates "anxiety" as the reason. (Dkt. 7-13 at 128).

Additionally, Plaintiff argues that the opinions of Drs. Baskin, Butensky, and Andrews were "stale" and therefore, not supported by substantial evidence. *See Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (summary order); *see also* (Dkt. 16 at 3-4). The Court disagrees. It is true that "a medical opinion that would otherwise constitute substantial evidence may be rendered stale . . . because it is based upon an incomplete record or fails to account for a

deterioration in a claimant's impairment." *Miller v. Colvin*, 2016 WL 4478690, at *12 (W.D.N.Y. Aug. 25, 2016). However, in this case, there are no credible, objective clinical findings in the record to support the conclusion that Plaintiff's condition deteriorated after Drs. Baskin, Butensky, and Andrews issued their opinions. It is also noted that Dr. Hashim assessed Plaintiff in September of 2013, and Mr. Cline last assessed Plaintiff in 2012; Plaintiff does not take issue with any potential staleness of these assessments.

## CONCLUSION

The Court finds that the decision of the Commissioner of Social Security that Plaintiff Cheryl Rogacki was not disabled and denying her Disability Insurance Benefits and SSI benefits under the Act is supported by substantial evidence. Additionally, the Courts finds that the weight given to the several physicians' opinions was proper. Accordingly, the Commissioner's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted. The motion for judgement on the pleadings of Plaintiff is denied. The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

    *s/Richard J. Arcara*
**HONORABLE RICHARD J. ARCARA**
**UNITED STATES DISTRICT COURT**

**Dated:** February 1, 2019